UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES STEWART | CIVIL ACTION |
| VERSUS | NO. 19-2439 |
| CITY OF HAMMOND, LOUISIANA | SECTION A (1) |

ORDER AND REASONS

Before the Court is a **Motion for Reconsideration (Rec. Doc. 19)** filed by Plaintiff James Stewart. Defendant City of Hammond, Louisiana opposes the motion (Rec. Doc. 20). The motion, set for submission on July 24, 2019, is before the Court on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED** in so far as the Court reconsiders the grounds for dismissal. The Court finds that Plaintiff's federal constitutional claims remain **DISMISSED** upon other grounds as set forth below. The above captioned matter is **REMANDED** to the state Court from which the matter was removed to determine any remaining state law claims.

I.  Background

Plaintiff was employed as Hammond's chief of police. (Rec. Doc. 1-1 Petition, ¶ II). On January 3, 2019, the Mayor of Hammond, Pete Panepinto, terminated Plaintiff's employment. (*Id.* at IX). Plaintiff filed suit in the Twenty-first Judicial District Court in Tangipahoa Parish alleging wrongful termination in violation of Plaintiff's constitutional rights citing the Hammond City Charter ("the Charter"), applicable Hammond Code of Ordinances, the Louisiana statutory Police Officer's Bill of Rights, and the Hammond Police Department's General Orders. (*Id.* at XVIII). On March 18, 2019, Defendant removed the matter to this Court pursuant to 28 U.S.C. §

1331, subject matter jurisdiction based on 42 U.S.C. § 1983 allegations contained in the state court petition. (Rec. Doc. 1, p. 3).

Defendant filed a motion to dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted. (Rec. Doc. 10). On June 25, 2019, this Court granted the motion to dismiss for failure to comply with Louisiana Rev. Stat. 33:2501(A) and the appeals process therein. (Rec. Doc. 16). By bringing this motion, Plaintiff requests this Court to reconsider its order as an error of law or fact.

**II.    Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); see also Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted on four grounds: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Lines v. Fairfield Ins. Co.*, No. 08–1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99–2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)). "The Court enjoys considerable discretion in granting or denying such a motion." *Gabarick v. Laurin Mar. (America) Inc.*, No. 08–4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010) (citing *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004)). The Fifth Circuit has held that a Rule 59(e) motion is not the proper vehicle for "rehashing evidence, legal theories, or arguments

that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. April 2004).

**III.    Discussion**

In its Order and Reasons, the Court found that Louisiana statutory law specifically identifies the chief of the police department as a classified service. (Rec. Doc. 16, p. 4). Based upon the plain statutory language, the Court concluded that Plaintiff may demand a hearing and investigation by the board to determine the reasonableness of the action. (*Id.* at 5). Considering that Plaintiff failed to engage in said appeals process, the Court found that the state court Petition failed to state a claim upon which relief may be granted and dismissed the case. (*Id.*).

Plaintiff asserts, and the Court agrees, that the Court failed to recognize an express statutory exception to the general rule relied upon by the Court. (Rec. Doc. 19-1, p. 1). Louisiana Rev. Stat. 33:2481 articulates that the chief of police specifically for the City of Hammond is an unclassified employee. La.R.S. 33:2481(B)(6). The appeal review process to the board is reserved only for "[a]ny regular employee in the classified service." La.R.S. 33:2501. In light of the fact that Plaintiff was the chief of police of the City of Hammond, as opposed to any other chief of police in Louisiana, the Court will reconsider its analysis of Defendant's motion to dismiss. The Court notes that although the Court is reviewing the motion to dismiss, the motion for reconsideration is only granted in so far as the Court's reasons for dismissal. The Court finds that it still lacks jurisdiction, and dismissal of Plaintiff's federal claims is appropriate.

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is

plausible on its face." *Id*. (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id*. (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citing *Bell Atlantic Corp. v. Twombly,* 550, U.S. 544, 555 (2007)).

As previously cited in the Court's Order and Reasons (Rec. Doc. 16), 42 U.S.C. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Fifth Circuit has held that "to show a due process violation in the public employment context, the plaintiff must first show that she had a legally recognized property interest at stake…Such a showing must be made by reference to state law." *Lollar v. Baker*, 196 F.3d 603, 606 (5th Cir.1999). Under Louisiana law, a public employee plaintiff may establish a property

interest in his job if: (1) the employer contracted with the employee to fire him only for cause, or (2) the employee is a permanent classified employee under the Louisiana civil service system. *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 429 (5th Cir.1996). The Louisiana Civil Code provides a general rule that employment is "at will" and an employer may dismiss an employee without cause. La. Civ. Code Art. 2747. Any ambiguity should be construed in favor of employment at will. *Thorne v. Monroe City School Bd.*, 542 So.2d 490, 492 (La.1989).

Plaintiff pleads in the Petition that the mayor violated Stewart's constitutional rights and privileges and substantive property rights based on cited provisions. Pursuant to the Charter Section 4.04, Plaintiff pleads that the chief of police is appointed in accordance with applicable state law. (Rec. Doc. 1-1, ¶ XX). As an appointed position, the state court Petition quotes Section 3-07 in part:

> The mayor, as chief executive officer of the City, shall have the following powers and duties:
> …
> (2) Appoint and suspend or remove for just cause all City employees and appointive administrative officers provided for, by or under this charter, except as otherwise provided by law, this charter, civil service or other personnel rules adopted pursuant to this charter…

(Rec. Doc. 1-1, ¶ XXI). The Petition alleges that Sections 4-02, 4-03, 4-06, 4-07, 4-08, and 4-09 read *in pari materia* with 4.04 indicates that the chief of police does not "serve at the pleasure of the mayor." (*Id.* at XXIII). These various sections define other mayor-appointed positions which "shall serve at the pleasure of the mayor." Lastly, Plaintiff pleads that Defendant failed to comply with Louisiana Rev. Stat. 40:2531 as also codified in the Police Officer's Bill of Rights. (*Id.* at XXIX).

Under Louisiana Rev. Stat. 33:2481(B)(6), the chief of police of the City of Hammond is an unclassified employee; therefore, the only manner in which Plaintiff may establish a property

interest is through an employment contract. He can properly allege a property interest in his employment by showing that he has a contract for a definite term or that the mayor contracted with him to fire him only for cause. *Wallace,* 79 F.3d at 430. Plaintiff's opposition to the motion to dismiss acknowledges that the parties did not enter into an employment contract but rather the Charter and ordinances established for cause employment. (Rec. Doc. 11, p. 6). An ordinance "merely conditioning an employee's removal on compliance with certain specified procedures" does not grant a property interest in an employment. *Cobb v. City of Harahan,* 516 Fed.Appx. 337, 341 (5th Cir. 2013)(quoting *Bishop v. Wood*, 426 U.S. 341, 345, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)). "By contrast, we have found a property interest in continued employment where some source, such as a contract, guaranteed employment for a specific length of time or provided that the employee could be discharged only for specific reasons." *Id.*

Louisiana law is clear on establishing a protected property right in employment for unclassified employees; Plaintiff must show there was a contract. The various provisions cited by Plaintiff in the Petition fail to state with any particularity the conditions of his employment as the chief of police. The provisions do not provide requisite details pursuant to Louisiana law such as whether his employment shall span for a specific length of time or if the chief of police can be discharged only for specific reasons. Therefore, the Court finds that Plaintiff fails to state a federal claim upon which relief can be granted because Plaintiff fails to sufficiently plead a property interest in his employment. After reconsideration of the reasons for dismissal, Defendant's motion to dismiss remains granted with regard to Plaintiff's federal claims.

Alternatively, Plaintiff requests that the Court remand the case to the Twenty-first Judicial District Court for the Parish of Tangipahoa to determine his state law claims. (Rec. Doc. 19-1, p. 3). In dismissing Plaintiff's federal claims, the Court declines to exercise supplemental

jurisdiction, 28 U.S.C. Section 1367(c)(3). The Court finds that remand is appropriate to address any remaining state law claims.

## IV. Conclusion

Accordingly;

IT IS ORDERED that the **Motion for Reconsideration (Rec. Doc. 19)** is **GRANTED**. The **Motion to Dismiss (Rec. Doc. 10)** remains **GRANTED** in part as to dismiss with prejudice Plaintiff's federal constitutional claims. The above captioned matter is **REMANDED** to the Twenty-first Judicial District Court for the Parish of Tangipahoa to determine any remaining state law claims.

New Orleans, Louisiana, this 5th day of August, 2019

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
